Oleksandr  Kasianov, BG1043
Name and Prisoner/Booking Number
Avenal State Prison
Place of Confinement
P.O. Box 159
Mailing Address
Avenal, CA 93204
City, State, Zip Code

**FILED**

SEP 1 2 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

In Pro Per

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Oleksandr  Kasianov
(Full Name of Plaintiff)          Plaintiff,

v.

(1) Martin  Gamboa
(Full Name of Defendant)
(2) Robert  Burton
(3) McGarity
(4) N. Cataria
                        Defendant(s).
☑ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** 2:22-cv-01142-DMC
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☑ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☑ Other: Federal Question.

2.  Institution/city where violation occurred: Avenal State Prison, Avenal,
    Deuel Vocational Institution, Tracy.

## Additional Defendants:

1. (1) Martin Gamboa,
2. (2) Robert Burton,
3. (3) McGarity,
4. (4) N. Catania,
5. (5) M. Costa,
6. (6) K.D. Johnson,
7. (7) J. Flores,
8. (8) E. Casillas,
9. (9) F. Silveira,
10. (10) R. Jimenez,
11. (11) DVI Mail Room Employee #6,
12. (12) All DVI Employees of Mail Room Staffs,
13. (13) K. Brainard,
14. (14) D. Groves,
15. (15) T. Mills,
16. (16) M.J. Contreras,
17. (17) S. Adaza,
18. (18) A. Shimmin,
19. (19) M.E. Spearman,
20. (20) Sinkovich,
21. (21) All ASP Employees of Mail Room Staffs.

1-A

## B. DEFENDANTS

1. Name of first Defendant: Martin Gamboa. The first Defendant is employed as:
Warden of Avenal State Prison at Avenal State Prison.

        (Position and Title)                     (Institution)

2. Name of second Defendant: Robert Burton. The second Defendant is employed as:
Warden of Deuel Vocational Inst. at Deuel Vocational Institution.

        (Position and Title)                     (Institution)

3. Name of third Defendant: McGarity. The third Defendant is employed as:
K-2 Unit Officer at Deuel Vocational Institution

        (Position and Title)                     (Institution)

4. Name of fourth Defendant: N. Catania. The fourth Defendant is employed as:
Staff response assistant at Deuel Vocational Institution.

        (Position and Title)                     (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page 2-A.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? 1. Describe the previous lawsuits:

   a. First prior lawsuit:
     1. Parties: Kasianov v. Gamboa; (and) Burton.
     2. Court and case number: 4:21-cv-07850-KAW
     3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Ordered to
Transfer from Northern to Eastern District (and) Forgoten.

   b. Second prior lawsuit:
     1. Parties: _____ v. _____
     2. Court and case number: _____
     3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

   c. Third prior lawsuit:
     1. Parties: _____ v. _____
     2. Court and case number: _____
     3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## Positions, titles and institution of Defendants:

1. (1) Martin Gamboa, Warden of ASP;
2. (2) Robert Burton, Warden of DVI;
3. (3) McGarity, K-2 Unit Officer #94290 at DVI;
4. (4) N. Catania, staff response assistant at DVI;
5. (5) M. Costa, appeals coordinator/interviewer at DVI;
6. (6) K.D. Johnson, Associate Warden at DVI;
7. (7) J. Flores, appeals coordinator/office technician at DVI;
8. (8) E. Casillas, correctional counselor II (A) at DVI;
9. (9) F. Silveira, second level app. coord./interviewer at DVI;
10. (10) R. Jimenez, D-420 counselor at ASP;
11. (11) DVI Mail Room Employee #6;
12. (12) All DVI Employees of Mail Room Staffs;
13. (13) K. Brainard, mailroom support staff office assist. (ASP);
14. (14) D. Groves (GRDA028) grievance response staff at ASP;
15. (15) T. Mills, D-410 correctional officer at ASP;
16. (16) M.J. Contreras, correctional officer at ASP;
17. (17) S. Adaza, ASP Mailroom Supervisor;
18. (18) A. Shimmin, (SHAA001) grievance response staff at ASP;
19. (19) M.E. Spearman, Associate Director-General P.M. (ASP);
20. (20) Sinkovich, Office of Appeals coordinator.
21. (21) All ASP Employees of Mail Room Staffs.

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: First Amendment right of free speech, the Sixth Amendment right to assistance of counsel, and the Fourteenth Amendment right to due process and of access to the courts.

2. **Claim I.** Identify the issue involved. Check **only 9.** State additional issues in separate claims.

- ☑ Basic necessities
- ☑ Mail
- ☑ Access to the court
- ☐ Medical care
- ☑ Disciplinary proceedings
- ☑ Property
- ☐ Exercise of religion
- ☑ Retaliation
- ☑ Excessive force by an officer
- ☑ Threat to safety
- ☑ Other: Assistance of Counsel.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Interference of Avenal State Prison and Deuel Vocational Institution Staff with prisoner and/or Plaintiff legal mails at November 15, 2019; December 09, 2019; January 27, 2020; November 12, 2019; December 02, 2019. Open envelope of Confidential legal Mail from Court of Appeal Third Appellate District contented Remittitur to Trial Court Clerk befor Plaintiff has reseived. Open envelope of Confidential legal Mail from Innocence Project befor Plaintiff has reseived. Staff of DVI didn't even ask Plaintiff for sign, just slided on the door of his cell. Open USPS Confidential, legal box from Plaintiff's Appellate counsel befor Plaintiff has reseived it. Plaintiff did rejected it first time. Portion of Plaintiff's trial transcripts was lost. The package from William I. Parks was Damaged, Open and without portion of content. The fact that Respondent of other matter pending in The U.S. Eastern District is the warden of ASP provide evidence that prison authorities read prisoner's and/or Plaintiff's legal mails. See attached EX. 1 (4:21-cv-07850-KAW

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

A Plaintiff believes that prison officials have violated his rights to confidential mail and access to the courts. NOA was filed untimely from the imposed resentencing judgment, thus was not entitled to statutory tolling. Limitation Period runs out,

5. **Administrative Remedies:** which includes Mental incompetence during habeas

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No

   b. Did you submit a request for administrative relief on Claim I? ☑ Yes ☐ No

   c. Did you appeal your request for relief on Claim I to the highest level? ☑ Yes ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Not Applicable.

1-See page 2-A.

3

**CLAIM II**

1. State the constitutional or other federal civil right that was violated: _See above claim I._
_File legal papers, and to seek and meet with lawyers and legal_
_workers._

2. **Claim II.** Identify the issue involved. Check only 9. State additional issues in separate claims.
   ☑ Basic necessities   ☑ Mail   ☑ Access to the court   ☐ Medical care
   ☑ Disciplinary proceedings   ☑ Property   ☐ Exercise of religion   ☑ Retaliation
   ☑ Excessive force by an officer   ☑ Threat to safety   ☑ Other: _Assistance of Counsel._

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_Interference of Avenal State Prison Staff [2] with prisoner_
_and/or Plaintiff legal mail and/or package at June 21, 2021._
_During the processing on "incoming inmate mail", a_
_letter addressed from William I. Parks to Plaintiff was_
_opened and sealed by Mailroom Staff. Portion of Plaintiff's_
_resentencing transcripts was lost. The second package_
_from William I. Parks was open, resealed and without_
_portion of content. The fact that Respondent of other_
_matter pending in The U.S. Eastern District Court is the_
_Warden of ASP provide evidence that prison authorities_
_read prisoner's and/or Plaintiff's legal mails, see attached_
_Ex. 2. Officials in these situations are worried about any_
_actions that threaten to change conditions within the_
_prison walls or limit their power. Officials block Plaintiff with_
_people and organizations in the outside who do prisoners'_
_rights or other civil rights work. Organizing from the outside_
_aimed at the correct pressure points within prison management_
_have a dramatic effect on conditions for Plaintiff on the inside._
_See attachments on Case # 4:21-cv-07850-KAW._

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_See above claim I. Plaintiff has a legitimate claim and/or case_
_that he lost, was unable to bring due to action by prison of-_
_ficials, or due to the inadequacy of his access to legal assistance._

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _Administrator did not respond at the highest level_
   _of review instead just rejected by OOA, and regulations did_
   _not say what further action the inmate should take._

4

_2- See page 2-A._

**CLAIM III**

1. State the constitutional or other federal civil right that was violated: See above claim I. Right to be free from retaliation based on legal activity.

2. **Claim III.** Identify the issue involved. Check only 9. State additional issues in separate claims.

☑ Basic necessities   ☑ Mail   ☑ Access to the court   ☐ Medical care

☑ Disciplinary proceedings   ☑ Property   ☐ Exercise of religion   ☑ Retaliation

☑ Excessive force by an officer   ☑ Threat to safety   ☑ Other: Conformed documents.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Interference of Avenal State Prison Staff[3] with prisoner and/or Plaintiff legal mail at August 26, 2021. During the processing on incoming inmate mail a letter addressed from Eastern District Court of California to Plaintiff was opened. Portion of Plaintiff documents conformed by the Court's clerk was been unclear and/or Damaged. The fact that Respondent of other matter pending in the U.S. Eastern District Court is the warden of ASP provide evidence that prison authorities read prisoner's and/or Plaintiff's legal mails. See attached Ex. 3 (4:21-cv-07850-KAW)

Most of conformed copy of the first page's from the Eastern District Office of the clerk has no judge's initials stamped on it. See attached Ex. 4-5 on Case # 4:21-cv-07850-KAW.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

See above claim I. Officials block the preparation and filing of lawsuits, and the opportunity to go to court to "petition the government for a redress of grievances".

5. **Administrative Remedies.**

   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☑ Yes   ☐ No

   b. Did you submit a request for administrative relief on Claim III?   ☑ Yes   ☐ No

   c. Did you appeal your request for relief on Claim III to the highest level?   ☑ Yes   ☐ No

   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Administrator did not respond at highest level of review, after warden of ASP respond with memorandum, and regulations did not say what further action the inmate should take

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

3- See page 2-A.

## CLAIM IV

1.  State the constitutional or other federal civil right that was violated: to "access to the court" and to "confidential and uncensored communications" under the First, Fourth, Sixth, and Fourteenth Amendments.

2.  **Claim IV.** Identify the issue involved. Check only 9. State additional issues in separate claims.

    ☑ Basic necessities          ☑ Mail              ☑ Access to the court          ☐ Medical care

    ☑ Disciplinary proceedings   ☑ Property          ☐ Exercise of religion          ☑ Retaliation

    ☑ Excessive force by an officer   ☑ Threat to safety   ☑ Other: Threatened repetition of the interference with prisoner legal mails.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim IV. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    Evidence from exhausted administrative remedies[4] showed that Martin Gamboa and Robert Burton knew of violent propensities of guards and discontinued policies preventing to include a record of staff that is logging the legal mail for specific days, acted intentionally in misidentifying inmate and in failing to correct their errors during remainder of six pieces of legal mail opened in an arbitrary and capricious way outside the inmate's presence, because their enforcement of the reviewing ASP and DVI policies and procedures to ensure directives to staff and provided training to confirm their component in realizing said protections was in service of a compelling interest that the contents of the letters passed along to the facility's lawyers, who would learn of the prisoner's legal strategy, and it was clearly established at the time of the violation that substantially burdening an inmate's exercise of his federal rights without justification. Because a reasonable officer in the Warden's position would have been aware that is and was unlawful and was not a one-time mistake.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Plaintiff's right to privately confer with counsel has been chilled. Warden's knowledge and lack of supervision created an unreasonable risk: of access to the transcripts and habeas corpus, and deprivation of physical liberty by "Delay" tactics.

5.  **Administrative Remedies.**

    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☑ Yes   ☐ No

    b.  Did you submit a request for administrative relief on Claim III?                        ☑ Yes   ☐ No

    c.  Did you appeal your request for relief on Claim III to the highest level?              ☑ Yes   ☐ No

    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____.

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

4- See attached Ex. on Case No. 4:21-cv-07850-HAW

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Injunctive relief in the form of an order requiring defendants to treat legal mail in accord with the DVI and ASP Program statement. Money damages demand to over $6,100,000.00 (over $six millions) for deliberate indifference, negligence and pain and suffering, as well as for violation of the DVI and ASP program statement and Plaintiff's asserted constitutional rights, and deprivation of his physical liberty by "Delay" tactics; and by a wrongful and unproper investigations with the trappings and ceremonies proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 08, 2022
          DATE

_Oleksandr Kasianov_
SIGNATURE OF PLAINTIFF
Oleksandr Kasianov
In Pro Per

Not Applicable.

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

_____
(Signature of attorney, if any) (pro - per )

Not Applicable.

_____

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Oleksandr Kasianov BG1043
AVENAL STATE PRISON (159)
P.O. BOX 159
AVENAL, CA 93204

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Oleksandr Kasianov,
_____
                    Plaintiff/Petitioner
V.
(1) Martin Gamboa,
(2) Robert Burton,              Case Number:  2:22-cv-01142-DMC
_____
                    Defendant/Respondent(s)   (To be supplied by the Clerk)
(3) McGarity,
(4) N. Catania,                 **PROOF OF SERVICE**
for additional Defendants
See First Amended Complaint.

I hereby certify that on **September 8, 2022**, I served a copy
of the attached **First Amended Civil Rights Complaint By Prisoner Under**
**28 U.S.C §1343(a); 42 U.S.C. §1983**
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter
listed, by depositing said envelope in the United States Mail at
**Avenal State Prison**                 :

*(List Name and Address of each Defendant or Attorney Served)*

                            Office of the State Attorney General
                            P.O. Box 944255
                            Sacramento, CA  94244

I declare under penalty of perjury that the foregoing is true and correct.

*Oleksandr Kasianov*
(Signature of Person Completing Service)
Oleksandr Kasianov, BG 1043
In Pro Per

8

Oleksandr  Kasianov, BG1043
Name and Prisoner/Booking Number
Avenal State Prison
Place of Confinement
P.O. Box 159
Mailing Address
Avenal, CA 93204
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

In Pro Per

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Oleksandr  Kasianov      )
(Full Name of Plaintiff)   Plaintiff,  )
                           )
            v.             )   CASE NO. 2:22-cv-01142-DMC
                           )   (To be supplied by the Clerk)
(1) Martin  Gamboa         )
(Full Name of Defendant)   )   Points And Authorities
(2) Robert  Burton         )   In Support Of
                           )   **CIVIL RIGHTS COMPLAINT**
(3) McGarity               )   **BY A PRISONER**
                           )
(4) N. Cataria             )
                           )   ☐ Original Complaint
            Defendant(s).  )   ☑ First Amended Complaint
☑ Check if there are additional Defendants and attach page 1-A listing them.  )
See First Amended Complaint.    )   ☐ Second Amended Complaint

## JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    - ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    - ☑ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    - ☑ Other: Federal Question.

2.  Institution/city where violation occurred: Avenal State Prison, Avenal, Deuel Vocational Institution, Tracy.

Revised 3/15/2016                        I

## I.

Prison officials and employees, were not entitled
to qualified immunity.

      Appellees/Defendants: Martin Gamboa, Robert
Burton, McGarity, N. Catania, M. Costa, H.D. Johnson,
J. Flores, E. Casillas, F. Silveira, R. Jimenez, DVI
Mail Room Employee #6, K. Brainard, D. Groves, T. Mills,
M.J. Contreras, S. Adaza, A. Shimmin, M.E. Spearman,
Sinkovich and All DVI and ASP Employees of Mail
Room Staffs were not immune from liability as
the California litigation immunity statute was
preempted by federal law. Kimes v. Stone, 84 F. 3d
1121 (9th Cir. 1996). A supervisor is liable for con-
stitutional violations of his/her subordinates if
the supervisor participated in or directed the vio-
lations, or knew of the violations and failed to
act to prevent them. Taylor v. List, 880 F. 2d 1040
(9th Cir. 1989). Under Fed. R. Civ. P. 8 (a)(2), a pleading
must contain a short and plain statement of the
claim showing that the pleader is entitled to relief.
The pleading standard Rule 8 announces does not
require detailed factual allegations, but it demands
more than an unadorned, the defendant-unlawful-
ly-harmed-me accusation. To survive a motion to
dismiss, a complaint must contain sufficient factual
matter, accepted as true, to state a claim to relief
that is plausible on its face. A claim has facial
plausibility when the plaintiff pleads factual con-
tent that allows the court to draw the reasonable

1-A

1 inference that the defendant is liable for the mis-
2 conduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 129
3 S.Ct. 1937 (2009). Plaintiff showed that defendants
4 acted with "deliberate indifference" or recklessness
5 that was tantamount to a knowing willingness that
6 harm occur. Violation may, however, be liable even
7 where such personel do not overtly participate in the
8 offensive act. Redman v. Cty. of San Diego, 942
9 F. 2d 1435 (9th Cir. 1991). A supervisor may be liable
10 if there exist either (1) his or her personal involvement
11 in the constitutional deprivation, or (2) a sufficient
12 causal connection between the supervisor's wrong-
13 ful conduct and the constitutional violation. Hansen
14 v. Black, 885 F. 2d 642, 646 (9th Cir. 1989) (citing
15 Thompkins v. Bett, 828 F. 2d 298, 303-04 (5th Cir.
16 1987). Supervisory liability exist even without overt
17 personal participation in the offensive act if super-
18 visory officials implement a policy so deficient that
19 the policy "itself" is a repudiation of constitutional
20 rights" and is the moving force of the constitutional
21 violation. Id. (quoting Thompkins, 828 F. 2d at 304)
22 (citations omitted). Under direct liability, plaintiff
23 must show the supervisor breached a duty to
24 plaintiff which was the proximate cause of the injury.
25 McClelland v. Facteau, 610 F. 2d 693, 695 (10th Cir. 1979)
26 "The requisite causal connection can be established
27 by setting in motion a series of acts by others
28 which the actor knows or reasonably should know

2

would cause others to inflict the constitutional injury." Johnson V. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). A supervisor is liable for the acts of his subordinates "if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them." Preschooler II V. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007)( quoting Taylor, 880 F.2d at 1045).

A retaliation claim include: (1) An assertion that a state actor took adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his rights, and (5) the action did not reasonable advance a legitimate correctional goal. A prison officials violated the 8th. Amendment when two requirements are met. (1) the deprivation is sufficiently serious; a prison official's act or omission resulted in the denial of the minimal civilized measure of life's necessities. Farmer V. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). (2) the prison officials subjectively had a sufficiently culpable state of mind. Id. The officials... "knows of and disregards an excessive risk to inmate" Id. at 837... fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Or knowingly, willfuly, or at least recklessly caused the alleged deprivation by his

3

action or failure to act." Id. at 274; see also Smith v. Rowe, 761 F. 2d 360, 369 (7th Cir. 1985).

A supervisor may be held liable in his or her individual capacity "for [his or her] own culpable action or inaction in the training, supervision or control of [this or her] subordinates." See Watkins v. City of Oakland, Cal., 145 F. 3d 1087, 1093 (9th Cir. 1998) (citation and internal quotations omitted). The warden violated the policy statement because privileged mail was opened out of the inmates' presence, that mail with special markings that identified it as attorney-client mail was opened outside inmates' presence, and that the categories of mail treated as privileged had to be expanded. A plaintiff was realistically "threatened by a repetition of [the violation]." Armstrong v. Davis, 275 F. 3d 849, 860-61 (9th Cir. 2001) (alteration in original) (quoting City of L.A. v. Lyons, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed. 2d 675 (1983)), abrogated on other grounds by Johnson v. California, 543 U.S. 499, 504-05, 125 S.Ct. 1141, 160 L.Ed. 2d 949 (2005). A threat of repetition can be shown "at least two ways." Id. at 861. First, a plaintiff may show that the defendant had, at the time of the injury, a written policy, and that the injury stems from that policy." Id. Second, "...the harm is part of a pattern of officially sanctioned... behavior, violative of the plaintiffs' [federal] rights." Id. (alterations in original) (quoting La Duke

4

v. Nelson, 762 F.2d 1318, 1324 (9th Cir. 1985)). The
instant court reversed the district court's qualified
immunity ruling as to the access-to-court's claim.
Al-Amin v. Smith, 511 F.3d 1317 (11th Cir. 2008). The
court reversed the decision as to defendants,
prison officials and employees, because their
practice of opening plaintiff's properly marked in-
coming court mail violated his constitutional rights.
Bieregu v. Reno, 59 F.3d 1445 (3d Cir. 1995). The
actions of defendants, prison officials and employe-
es, in repeatedly opening plaintiff's properly marked
incoming court mail outside his presense infringed
his right to free speech under U.S. Constitution
Amendment I and court access under U.S. Constitution
Amendment V. Defendants, prison officials and employe-
es, were not entitled to qualified immunity because
they should have known that their actions violated
28 C.F.R. § 540.14(a) and 28 C.F.R. § 540.18(a), and in-
ternal Bureau of Prisons guidelines, which regulated
the handling of prisoner mail. Repeatedly opening
court mail outside petitioner's presence, the mailroom
employees violated his rights to "confidential and
uncensored communications" and to "access to the court"
under the First, Fourth, Sixth, and Fourteenth Amend-
ments. As approved in Brivens v. Six Unknown Named
Agents of Federal Bureau of Narcotics, 403 U.S. 388,
29 L.Ed.2d 619, 91 S.Ct. 1999 (1971), plaintiff sues directly
under the Constitution. Reasonable official would

5

understand that what he is doing violates that right. The Court has held that the "clearly established" inquiry "must be under taken in light of the specific context of the case, not as a broad general proposition. Opening incoming court mail outside inmate's presence violates his rights to counsel and court access. Thornley v. Edwards, 671 F. Supp. 339, 342 (M.D. Pa. 1987); Carty v. Fenton, 440 F. Supp. 1161-63 (M.D. Pa. 1977). Prison officials were not entitled to qualified immunity ... because the allegations were sufficiently severe to preclude a determination that a reasonable official under the circumstances would not have realized that his actions violated the Petition Clause. Goldhaber v. Higgins, 576 F. Supp. 2d 694 (W.D. Pa. 2007).

To hold a supervisor lible for such an Eighth Amendment violation, the plaintiff identified a supervisory policy or procedure that the supervisor defendant failed to implement and prove that: (1) the policy or procedure in effect at the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure. Brown, 269 F. 3d at 216 (discussing sample). The disputed factual issues existed as to each of these four elements. Whetzel, 256 F. 3d at 134-35.

6

The Supreme Court has set forth a two-part test for qualified immunity. <u>Vinyard</u>, 311 F. 3d at 1346 (citing <u>Hope</u> v. <u>Pelzer</u> 536 U.S. 730 122 S.Ct. 2508, 153 L.Ed. 2d 666 (2002)). First, a court must undertake the threshold inquiry of whether the plaintiff's allegations, if the true, establish a constitutional violation. Id. If a constitutional right would have been violated under the plaintiff's version of the facts, the next question is whether the constitutional rights was clearly established. Id. The right must have been clearly established at the time of the alleged violation. Id. at 1349. Further, "[t]he relevant, dispositive inquiry in determining wheter it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Saucier</u> v. <u>Katz</u>  533 U.S. 194, 202, 121 S.Ct. 2151, 2156 150 L. Ed. 2d 272 (2001). Stated another way "the salient question... is whether the state of the law [at the time of the events in question] gave respondents fair warning that their alleged treatment of the [plaintiff] was unconstitutional." <u>Hope</u>, 536 U.S. at 741, 122 S.Ct. at 2515. See also <u>Saucier</u>, 533 U.S. at 194, 121 S.ct at 2151. Judgment denying qualified immunity because administrators were actually aware of the violations. Facts showing (1) that the officials violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

## II.

Interference with prisoner legal mails.

The only way to ensure that mail is not read when opened is to require that it be done in the presence of the inmate to whom it is addressed. <u>Procunier v. Martinez</u>, 416 U.S. 396, 408, 94 S.Ct. 1800, 40 L. Ed. 2d 224 (1974). When a prisoner receives confidential legal mail that has been opened and re-sealed, he may understandably be wary of engaging in future communication about privileged legal matters. Prisoner may also worry that the contents of the letters could be passed along to the facility's lawyers, who would learn of the prisoner's legal strategy. <u>Gomez v. Vernon</u>, 255 F. 3d 1118, 1123-24 (9th Cir. 2001). Court will construe the pro se complaint liberally. <u>Todaro v. Bowman</u>, 872 F. 2d 43, 44 n. 1 (3d Cir. 1989). It was clear from the record that the inmate exhaust the available administrative remedies regarding the conditions of his confinement. Two or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim. <u>Merriweather v. Zamora</u>, 569 F. 3d 307, 317-18 (6th Cir. 2009). The court ruled that mail from the Attorney ... was legal mail and that the policy had a chilling effect on plaintiff inmate's <u>First Amendment</u> Rights. Mail "is as intimately related to the right of access to the courts as is correspondence with a private attorney." <u>Stover v. Carlson</u>, 413 F. Supp. 718 (D. Conn. 1976). Opening such mail out-

8

side of an inmate's presence "effectively chills access to a governmental entity that is intimately related to the administration of justice." Id. The court in Carty, 940 F. Supp. at 1163, reached the same conclusion. "When the government deliberately interferes with the confidential relationship between a criminal defendant and defense counsel, that interference violates Sixth Amendment right to counsel if it substantially prejudices the criminal defendant." Williams v. Woodford, 384 F. 3d 567, 584-85 (9th Cir. 2004); see United States v. Irwin, 612 F. 2d 1182, 1186-87 (9th Cir. 1980). Practice of prison officials reading mail between a prisoner and his lawyer in a criminal case would raise serious issues under the Sixth Amendment, which guarantees right to counsel in criminal cases. Guajardo-Palma v. Martinson, 622 F. 3d 801, 803 (7th Cir. 2010); see also Merriweather, 569 F. 3d at 307, 317 ("[O]pening properly marked legal mail alone... implicates both the First and Sixth Amendments because of the potential for a 'chilling effect!'"); Altizer v. Deeds 191 F. 3d 540, 549 n. 14 (4th Cir. 1999) (Inspecting an inmate's legal mail implicate the inmate's Sixth Amendment right to communicate freely with his attorney in criminal case"); Gardner v. Howard, 109 F. 3d 427, 431 (8th Cir. 1997) (" The policy that incoming confidential legal mail should be opened in inmates' presence... serves the prophylactic purpose

9

of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband."). The prisoner had protected interest in having properly marked legal mail opened only in his presence, and two alleged instances were sufficient to state a claim because he was not required to allege a longstanding practice of violating his First Amendment rights. Hayes v. Idaho Corr. Ctr. 849 F. 3d 1204 (9th Cir. 2017). Prisoners' avenues of confidential communication with attorneys are limited. Factors present in Idaho and elsewhere, highlight the immense undertaking - for both attorney and client - of litigating from prison, and the importance of confidential legal mail in making that undertaking feasible. Nordstrom v. Ryan, 762 F. 3d 903, 910 (9th Cir. 2014). The prison offered no justification for opening... practice was "invalid under the First and Fourteenth Amendments". Ramos v. Lamm, 639 F. 2d 559, 582 (10th Cir. 1980) abrogated in part on other grounds by Thornburgh 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed 459. The Sixth Amendment, in addition to prohibiting guards from reading prisoner legal mail, also protects the right of a prisoner to be present while legal mail relating to criminal proceedings is open. Mangiaracina v. Penzone, No. 14-15271, 849 F. 3d 1191, 2017 (9th Cir. Mar. 3, 2017). The confidentiality of attorney-inmate communications under various constitutional principles,

including the First Amendment right to freedom of
speech and the Fourteenth Amendment rights to due
process and access to the courts, or some com-
bination of these rights. Nordstrom, 762 F. 3d at 909.6

Dated: September 8, 2022


                              Respectfully submitted,

                              By: Oleksandr Kasianov
                              [Signature]

                              Oleksandr Kasianov
                              CDC# BG 1043

                              In Pro Per


                                    11

Oleksandr Kasianov BG1043
AVENAL STATE PRISON (159)
P.O. BOX 159
AVENAL, CA 93204

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Oleksandr Kasianov,
Plaintiff/Petitioner
V.

(1) Martin Gamboa,

(2) Robert Burton,

(3) McGarity,
Defendant/Respondent(s)

(4) N. Catania,

For additional Defendants
See First Amended Complaint.

Case Number: 2:22-cv-01142-DMC

(To be supplied by the Clerk)

PROOF OF SERVICE

I hereby certify that on September 8, 2022, I served a copy Points And Authorities In Support Of of the attached Civil Rights Complaint By Prisoner Under 28 U.S.C §1343(a); 42 U.S.C. §1983 by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at

Avenal State Prison :

*(List Name and Address of each Defendant or Attorney Served)*

Office of the State Attorney General
P.O. Box 944255
Sacramento, CA  94244

I declare under penalty of perjury that the foregoing is true and correct.

Oleksandr Kasianov
(Signature of Person Completing Service)
Oleksandr Kasianov, BG 1043
In Pro Per

12