IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR KASIANOV, | No. 2:22-CV-1142-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MARTIN GAMBOA, et al., | |
| Defendants. | |

        Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 10.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, who was incarcerated at the time he filed this action but who has since been released, names the following as defendants: (1) Martin Gamboa, the warden of Avenal State Prison (ASP); and (2) Robert Burton, the warden of the Deuel Vocational Institution (DVI).  See ECF No. 10, pgs. 1, 2, 3.  These same defendants were named in Plaintiff's original complaint.  See ECF No. 1.  In the currently pending first amended complaint, Plaintiff adds the following new individuals as defendants: (1) McGarity, K-2 unit officer at DVI; (2) M. Catania, staff response assistant at DVI; (3) M. Costa, appeals coordinator/interviewer at DVI; (4) K.D. Johnson, associate warden at DVI; (5) J. Flores, appeals coordinator at DVI; (6) E. Casillas, correctional counselor at DVI; (7) F. Silveira, second level appeals coordinator at DVI; (8) R. Jimenez, D-420 counselor at ASP; (9) "DVI Mail Room Employee #6"; (10) "all DVI Employees of Mail Room Staffs"; (11) K. Brainard; (12) D. Groves; (13) T. Mills; (14) M.J. Contreras; (15) S. Adaza; (16) A. Shimmin; (17) M.E. Spearman; (18) Sinkovich; amd (19) "all ASP Employees of Mail Room Staffs."  See ECF No. 10, pgs. 2, 4.

As with the original complaint, Plaintiff alleges various claims related to interference with his legal mail at ASP and DVI.  See id. at 5-9.  Throughout his complaint, Plaintiff refers generally to "prison staff" and does not mention either defendant specifically.

/ / /

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

The Court finds that Plaintiff's first amended complaint, like the original complaint, fails to state any cognizable claims because Plaintiff has failed to link to any named defendant the alleged constitutional violations associated with handling of his mail.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff will be provided one additional opportunity to cure the defect in his amended complaint by filing a second amended complaint which clearly explains how each named defendant was involved in the violation of Plaintiff's constitutional rights. Plaintiff is cautioned that if he fails to do so, the Court will recommend dismissal of the action without further leave to amend for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended

1  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

2  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

3  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

4  complete in itself without reference to any prior pleading.  See id.

5        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

6  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

7  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

8  each named defendant is involved, and must set forth some affirmative link or connection

9  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

10 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11       Finally, Plaintiff is warned that failure to file an amended complaint within the

12 time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

13 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

14 with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

15 See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

16       Accordingly, IT IS HEREBY ORDERED that:

17       1.    Plaintiff's first amended complaint is dismissed with leave to amend; and

18       2.    Plaintiff shall file a second amended complaint within 30 days of the date

19 of service of this order.

21 Dated:  August 15, 2023

                                                DENNIS M. COTA
                                                UNITED STATES MAGISTRATE JUDGE